UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MORGAN STANLEY,

              Plaintiff,

vs.                                Case No. 3:18-cv-00141-J-34MCR

DANIEL J. ABEL,

              Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

Plaintiff Morgan Stanley appears before this Court seeking temporary, preliminary, and permanent injunctive relief against Defendant Daniel J. Abel (Abel) for breach of contract, misappropriation of trade secrets, and tortious interference. See Plaintiff's Complaint for Injunctive and Other Relief (Complaint, Doc. 1), filed January 22, 2018; Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction

and Incorporated Memorandum of Law in Support Thereof (Emergency Motion, Doc. 2), filed January 22, 2018.

Morgan Stanley asserts that the Court has jurisdiction over this matter because "Morgan Stanley seeks equitable relief and damages in excess of $75,000, exclusive of interest and costs." Complaint at ¶ 4. Further supporting this assertion, Morgan Stanley also indicates that it "is based in New York City, New York . . . and does business in Florida." Id. at ¶ 2. Likewise, Morgan Stanley claims that Able "is a resident of St. John's County, Florida." Id. at ¶ 3. From these assertions, the Court presumes that Morgan Stanley is claiming that this Court has jurisdiction over this matter pursuant to federal diversity jurisdiction. See 28 U.S.C. § 1332.

The problem with Morgan Stanley's assertions, however, is that the Plaintiff has not clarified whether it is a limited liability company (LLC), or a corporation. Because the requirements for demonstrating citizenship for a corporation and limited liability company are different for the purposes of diversity jurisdiction, the Court cannot determine Morgan Stanley's citizenship from the assertions in the Complaint.

For the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). A corporation, on the other hand, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of an LLC, a party must

2

list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1). Here, Morgan Stanley does not clarify the business form under which operates, nor sufficiently identifies its citizenship under the rules for either LLCs or corporations. As such, the Court is unable to determine Morgan Stanley's citizenship, and therefore clarification is necessary to establish this Court's diversity jurisdiction.[1]

First, Plaintiffs must specify whether Morgan Stanley is an LLC or a corporation. If Morgan Stanley is a corporation, Plaintiffs must identify its states of incorporation as well as its principle place of business. See Hertz Corp., 559 U.S. at 80. Conversely, if Morgan Stanley is an LLC, Plaintiffs must establish the citizenship of each of Morgan Stanley's members. See Rolling Greens MHP, L.P., 374 F.3d at 1022.[2] Therefore, the information presently before the Court is insufficient to invoke the Court's subject matter jurisdiction over this action.

---

[1] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1315-1317 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1221-1222, 1228 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

[2] The parties are advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

In light of the foregoing, the Court will give Plaintiffs an opportunity to demonstrate that the Court has subject matter jurisdiction over this case on or before January 29, 2018. Accordingly, it is

**ORDERED**:

Plaintiff Morgan Stanley, shall have up to and including January 29, 2018, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on January 22, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc26
Copies to:

Counsel of Record
Pro Se Parties