UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MORGAN STANLEY SMITH BARNEY, LLC,

    Plaintiff,

v.                                                      Case No.: 3:18-cv-00141-J-34MCR

DANIEL J. ABEL,

    Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO STAY PROCEEDINGS PENDING ARBITRATION AND EXTEND DURATION OF TEMPORARY RESTRAINING ORDER AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW Defendant, DANIEL J. ABEL ("Mr. Abel"), by and through the undersigned counsel and pursuant to the court's order dated February 2, 2018, hereby files his Response in Opposition to Plaintiff's, MORGAN STANLEY SMITH BARNEY, LLC ("Plainitff"), Emergency Motion to Stay Proceedings Pending Arbitration and Extend Duration of Temporary Restraining Order and Incorporated Memorandum of Law in Support Thereof ("Pl.'s Emer. Mot. Stay").  It is a familiar and fundamental truism that justice delayed is justice denied. Plaintiff's Emergency Motion to Stay should be denied because it has sat on its hands and delayed in seeking this "emergency" relief, it seeks the extension of a January 23, 2018 Temporary Restraining Order ("TRO") that was obtained through a motion failing to advise this court of a New York choice of law provision, and there will be no harm if this matter is heard pursuant to the schedule set by this court in its TRO.  In fact, to continue the TRO and delay the vindication of Mr. Abel's rights to freely compete is the only harm—and it is a significant harm[1]—that will

---

[1] See generally Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761 So. 2d 306, 312 (Fla. 2000) (recognizing that restrictive covenants are "vigorously disfavored" in Florida).

result if Plaintiff's Emergency Motion to Stay is granted. Therefore, for reasons set forth infra, Plaintiff's Emergency Motion to Stay should be denied.

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff commenced this action on January 22, 2018. See generally Pl.'s Compl.

2. On that same date, Plaintiff filed a motion seeking emergency relief to preclude Mr. Abel from, as Plaintiff puts it, violating certain agreements entered into between the parties and the misappropriation of trade secrets. See Pl.'s Emer. Mot. at 6-12. The motion concluded that "Plaintiff is ready and willing to hold a hearing at the Court's earliest convenience, but, in the interim, respectfully requests that the Court immediately issue a temporary restraining order to prevent further harm pending such a hearing." Id. at 16. Likewise, in its proposed order attached to its Emergency Motion, Plaintiff requested the court delay the expedited injunction hearing to take place before the Financial Industries Regulatory Authority ("FINRA"). Id., Ex. 1 at 3.

3. On January 23, 2018, the TRO was entered by this court. Per the TRO, a hearing on Plaintiff's Emergency Motion was to be held on February 6, 2018 at 1:30 P.M. TRO at 14. The TRO did not, however, order the parties to delay the expedited FINRA proceeding. See generally id. To the extent the TRO granted Plaintiff the injunctive relief it sought in its Emergency Motion, the TRO adopted in full the language proposed by Plaintiff.

4. The basis for the injunctive relief in the TRO was, as argued by Plaintiff, Florida law. Id. at 6-8.

5. Pursuant to the TRO, Mr. Abel filed a response in opposition to Plaintiff's Emergency Motion on January 30, 2018. See Pl.'s Resp. to Pl.'s Emer. Mot.

6.	Plaintiff, on February 2, 2018, filed a Reply in Support of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Pl.'s Reply").  Therein, Plaintiff alleged new facts, <u>inter alia</u>.  Pl.'s Reply at 6-7.

7.	The day prior, on February 1, 2018, Plaintiff filed its Emergency Motion to Stay.  Whereas Plaintiff had previously indicated a strong desire for federal court intervention, this latest pleading argued that further intervention by the federal court would be inappropriate.  Pl.'s Emer. Mot. Stay at 3, 4-5.  As part of its request, Plaintiff also asks that the injunctive relief afforded by the TRO be extended indefinitely until such time that FINRA renders its ruling.  <u>Id.</u> at 1.  Further, in its Reply, Plaintiff requested the court <u>enhance</u> the injunctive protections provided for in the TRO.  Pl.'s Reply at 17.

8.	As of the time of filing this Response, no hearing date has been set by FINRA.  Nor will such a hearing occur without three (3) days' notice pursuant to FINRA Rule 13840(b)(1).

## II. PLAINTIFF'S REQUEST FOR AN EXTENSION OF THE TRO SHOULD BE DENIED

Rule 65(b)(2) of the Federal Rules of Civil Procedure provides that

> Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record.  The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period of the adverse party consents to a longer extension.  The reasons for an extension must be entered in the record.

Rule 65 reflects the principles embodied in the Federal Constitution's guarantees of due process. <u>See</u> <u>U.S. v. Kaley</u>, 579 F.3d 1246, 1263 (11th Cir. 2009) (Tjoflat, J., concurring).  The rule's requirement of due process is mandatory even in those situations where the injunction hearing will be duplicative of the issues to later be litigated.  <u>See</u> Fed. R. Civ. P. 65(a)(2); <u>Kaley</u>, 579 U.S. at

1264 (citation omitted). Nevertheless, courts have permitted extensions of time to a temporary restraining order where the other party had notice prior to the entry of the order <u>and</u> "nothing has occurred to alter the analysis contained in the original TRO." <u>Doe v. Univ. of Wash.</u>, No. C16-1212JLR, 2016 U.S. Dist. LEXIS 109430 at *-10 (W.D. Wash. Aug. 17, 2016).

Further, consistent with the requirements of due process bound up in the terms of Rule 65, an injunction "must [be] narrowly tailor[ed] to remedy the specific action which g[ave] rise to the order," and may not be overbroad or vague. <u>Doe v. Veneman</u>, 380 F.3d 807, 818 (5th Cir. 2004) (footnotes omitted). The prohibition against overbreadth means, in part, that a court may not issue an injunction imposing unnecessary restraints on lawful activity. <u>See</u> <u>Tivo, Inc. v. Echostar Corp.</u>, 646 F.3d 869, 893-94 (Fed. Cir. 2011); <u>see also</u> <u>Tom James Co. v. Morgan</u>, 141 F. Appx. 894, 898 (11th Cir. 2005) (stating even a consent injunction must not "'conflict[ ] with or violate[ ] the [law] upon which the complaint was based.'" (quoting <u>Local No. 93, Intl. Assn. of Firefighters v. City of Cleveland</u>, 478 U.S. 501, 525-26 (1986) (alterations in part in original))).

Here, there is ample reason not to extend the time that the TRO will remain in place. In fact, based on the arguments submitted by the parties, it seems more appropriate to immediately vacate the TRO. As mentioned <u>supra</u> and in Mr. Abel's Response to Plaintiff's Emergency Motion, Plaintiff sought the TRO arguing the application of Florida law to the restrictive covenants entered into between it and Mr. Abel. On the basis of Florida law, the TRO was entered. However, as Plaintiff appears to concede—as it must, New York law controls the restrictive covenants entered into between the parties. <u>See generally</u> Pl.'s Reply at 8-10.

As is apparent from the briefing of the parties, New York and Florida law are different from one another in material ways. Moreover, as seems apparent from the briefing of the parties, there does not appear to be clear evidence supporting Plaintiff's likelihood of success on its breach

4

of contract claim, nor its Florida Uniform Trade Secrets Act claim. On the basis of New York law and the Florida Uniform Trade Secrets Act, the relief conferred by the TRO is much broader than what Plaintiff would be entitled to even assuming it could demonstrate a legally cognizable injury. For instance, the TRO prohibits the solicitation of <u>any</u> of Plaintiff's customers without regard to when the particular relationship between the customer and Mr. Abel was created. TRO at 11. Plaintiff's Reply now appears to concede that they are not entitled to such broad relief under New York law. <u>See</u> Pl.'s Reply at 9 (quoting <u>Crown IT Servs., Inc. v. Koval-Olen</u>, 11 A.D.3d 263, 165 (N.Y. App. Div. 2004)). Therefore, an extension of the TRO indefinitely until FINRA rules would be improper.

Contrary to Plaintiff's contentions, a continuation of the TRO would prejudice Mr. Abel. As addressed <u>supra</u> and in other pleadings, the TRO does not mirror his contractual obligations. In fact, it seems more likely that Mr. Abel owes Plaintiff <u>no</u> contractual obligations. Further, Mr. Abel denies having violated the TRO. And Plaintiff's point in that regard underscores the important due process considerations inherent in the entry of the TRO here. So long as this TRO exists, Mr. Abel remains subject to allegations of contempt, such as those raised by Plaintiff in its Reply. It is not difficult to imagine how that would negatively impact his livelihood moving forward. Accordingly, it is respectfully requested that, if the TRO is permitted to stay in place, it not be extended until the court has the opportunity to hear oral argument on the matter on February 6, 2018.

### III. PLAINTIFF'S REQUEST FOR A STAY OF PROCEEDINGS PENDING ARBITRATION SHOULD BE DENIED UNTIL THIS COURT RULES ON THE PROPRIETY OF CONVERTING THE TRO TO A PRELIMINARY INJUNCTION

Mr. Abel acknowledges that this court has the discretion to stay these proceedings pending arbitration. Mr. Abel further acknowledges that it is commonplace for a federal court proceeding

to be stayed pending the outcome of arbitration where the parties have entered into a valid and binding arbitration agreement.  Accordingly, after this court has had the opportunity to consider the positions of the parties pursuant to the briefing and argument schedule set forth in the TRO, Mr. Abel would not object to the entry of a stay pending the FINRA arbitration.

However, Mr. Abel does not believe a stay at this time is proper.  Plaintiff's Reply has introduced new factual matters into the injunction proceeding, as well as legal arguments utilizing New York law, that Mr. Abel deserves an opportunity to address at the hearing currently scheduled for February 6, 2018.  Further, it cannot be disputed that Plaintiff was aware of the expedited hearing requirements attendant to FINRA proceedings involving injunctive relief requests; as mentioned, Plaintiff previously requested the court order the parties to <u>waive</u> the expedited hearing process in favor of permitting this court to fully adjudicate its Emergency Motion.  Nevertheless, Plaintiff now seeks further emergency relief from this court, insisting that FINRA is the more appropriate forum and that its contractual arbitration rights will be subverted if this court further rules on its request for preliminary injunctive relief.  Pl.'s Emer. Mot. Stay at 2-3, 7.  Plaintiff should be judicially estopped from raising such an inconsistent argument.  Finally, Plaintiff's contention of "concurrent litigation" in different forums possibly resulting in "inconsistent" results is an issue of their own making.  Plaintiff chose to initiate suit in two distinct forums and, as such, it should not be permitted to capitalize on the problems inherent in its own choices.  Likewise, the possibility for inconsistent results clearly already exists as it is entirely possible FINRA will concur with Mr. Abel's position in this matter.  However, to stay this proceeding and permit the TRO to continue in such an event would deprive Mr. Abel of due process.  Accordingly, the entry of a stay pending arbitration is not appropriate at this time.

## IV.    CONCLUSION

Plaintiff's Emergency Motion for Stay should be denied. There are significant due process concerns associated with the overbreadth of the TRO currently in place. To extend the TRO under these circumstances would be improper. Further, the entry of a stay pending arbitration would also be improper at this time. The entry of a stay pending arbitration should be put off until such time that the court has the opportunity to rule on Plaintiff's request for preliminary injunctive relief.

Respectfully submitted,

/s/ Ronald P. Angerer, II
Archibald J. Thomas, III
Florida Bar No. 231657
archibald@job-rights.com
Ronald P. Angerer, II
Florida Bar No. 0104874
ronald@job-rights.com

ARCHIBALD J. THOMAS, III, P.A.
4651 Salisbury Road, Suite 255
Jacksonville, Florida 32256
(904) 396-2322 (Telephone)
(904) 296-2341 (Facsimile)

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on February 2, 2018, I served a copy of the forgoing **DEFENDANT'S RESPONSE IN OPPOSITION OF PLAINTIFF'S EMERGENCY MOTION FOR TERMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Michael S. Taaffe, Esq.
Michael D. Bressan, Esq.
Shumaker, Loop & Kendrick, LLP
240 S. Pineapple Ave.
P.O. Box 49948
Sarasota, FL 34230-6948
Telephone: (941) 366-6660
Fax: (941) 366-3999
mtaaffe@slk-law.com
mbressan@slk-law.com

ATTORNEYS FOR PLAINTIFF

                /s/ Ronald P. Angerer, II
                Attorney