UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MORGAN STANLEY SMITH BARNEY,
LLC,

                Plaintiff,

vs.                                    Case No. 3:18-cv-00141-J-34MCR

DANIEL J. ABEL,

                Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff, Morgan Stanley Smith Barney, LLC's (Morgan Stanley) Emergency Motion to Stay Proceedings Pending Arbitration and Extend Duration of Temporary Restraining Order and Incorporated Memorandum of Law in Support Thereof (Emergency Motion, Doc. 14), filed February 1, 2018. Defendant Daniel J. Abel (Abel) filed Defendant's Response in Opposition to Plaintiff's Emergency Motion to Stay Proceedings Pending Arbitration and Extend Duration of Temporary Restraining Order (Response, Doc. 17), on February 2, 2018. Accordingly, this matter is ripe for review.

Morgan Stanley initiated this action by filing a Motion for a Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law in Support Thereof (TRO Motion, Doc. 2) on January 22, 2018. On that same day, Morgan Stanley filed its Amended Complaint for Injunctive and Other Relief (Amended Complaint, Doc. 6). In the TRO Motion, Morgan Stanley sought a temporary restraining order and

preliminary injunction precluding Abel, and anyone acting in concert with him, from soliciting Morgan Stanley's customers, in violation of the employment agreement between the parties. TRO Motion at 1. Morgan Stanley further sought an order directing Abel to return the company's confidential information. Id.

On January 23, 2018, the Court granted Morgan Stanley's request and entered a Temporary Restraining Order, (TRO, Doc. 10), which remains in effect until 5 p.m., Tuesday, February 6, 2018. At the same time, the Court set a hearing for Tuesday, February 6, 2018, to determine whether the Temporary Restraining Order should be converted into a preliminary injunction, and also set a schedule for the submission of briefs on the matter. The parties have complied with the briefing schedule set forth in the TRO, thus Morgan Stanley's request for a preliminary injunction is ripe. See Defendant's Response to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Response to TRO, Doc. 12), filed January 30, 2018; Plaintiff's Reply in Support of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (TRO Reply, Doc. 16), filed February 2, 2018. However, in the midst of these filings, Morgan Stanley filed the Emergency Motion seeking alternative relief, specifically that the Court to stay the proceedings and extend the TRO pending completion of an expedited arbitration. See generally Emergency Motion.

In support of its request to stay the proceedings and extend the TRO, Morgan Stanley notes that in the employment agreement between Morgan Stanley and Abel, the parties agreed to resolve any disputes in an arbitration before the Financial Industry Regulatory Authority (FINRA). Id. at 2; id., Exhibit 2 (Employment Agreement) at 5.

Pursuant to the FINRA Rules, parties may seek temporary injunctive relief from the federal courts to preserve the status quo while the underlying controversy proceeds to arbitration. FINRA Code of Arbitration Procedure Rule 13804(a)(1) (FINRA Rule(s)). The FINRA Rules require that a party who seeks such temporary relief from a court "must, at the same time," file a Statement of Claim with FINRA, id. at FINRA Rule 13804(a)(2), which Morgan Stanley has done in this case. See Amended Complaint at ¶ 1, n.1; ¶ 4, n.2. FINRA Rules further provide that if a federal court grants temporary injunctive relief, the parties shall proceed under an expedited arbitration schedule, in which an arbitration hearing must begin within "15 days of the date the court issues" temporary relief. FINRA Rule at 13804(b)(1). Given that this Court issued the TRO on January 23, 2018, the FINRA arbitration hearing is required to begin no later than Thursday, February 8, 2018. Emergency Motion at 1. Morgan Stanley contends that the impending FINRA arbitration hearing, which will resolve Morgan Stanley's request for permanent injunctive relief against Abel, negates this Court's need to rule on Morgan Stanley's pending motion for preliminary injunctive relief, and therefore Morgan Stanley seeks a stay of the proceedings in this Court. Id. at 4. Morgan Stanley also asserts that extending the TRO pending arbitration will not prejudice Abel, given that the injunction mirrors Abel's contractual obligations to Morgan Stanley, and that Morgan Stanley will present evidence by way of testimony and evidence to the FINRA arbitration panel regarding Abel's violations of those obligations. Id. at 5. As such, Morgan Stanley contends that

> FINRA's jurisdiction over the mandatory arbitration of this matter, the imminent mandatory FINRA hearing, the fact that FINRA might hold the hearing and issue a ruling before this Court addresses the papers thereby potentially rendering the issue moot, and notions of judicial economy, all

constitute good cause to justify [a stay of the proceedings and a] brief extension of the Temporary Restraining Order.

Id. at 4.

In his Response, Abel does not dispute that the parties have contractually agreed to arbitration, nor does he object to the entry of a stay of this proceeding pending completion of the FINRA arbitration. Response at 5-6. However, he contends that the Court should proceed with the scheduled preliminary injunction hearing first, and only after the Court has determined whether the TRO should be converted to a preliminary injunction, should the Court stay the proceedings. Id. at 6. His principal argument is that Morgan Stanley, in its initial TRO Motion, mislead the Court by arguing that the controversy between Morgan Stanley and Abel should be evaluated under Florida law, rather than New York law. Id. at 4-5, 6. As such, Abel contends that staying the action while permitting the TRO to remain in place will deprive him of due process. Id. at 6.[1]

In seeking to stay this proceeding pending a resolution of the parties' dispute in a FINRA arbitration, Morgan Stanley relies on the Federal Arbitration Act, 9 U.S.C. §§ 1–16 (FAA). Section 2 of the Act provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save

---

[1] Abel also objects to Morgan Stanley's request in its TRO Reply that the Court alter the terms of the TRO to impose stricter limitations on Abel's conduct. See TRO Reply at 17-18; Response at 3. The Court notes that the inclusion of this request for affirmative relief in the Morgan Stanley's TRO Reply, rather than filing a motion, is improper. See Rule 7(b)(1), Federal Rules of Civil Procedure (Rules(s)). Accordingly, Morgan Stanley's request that the Court enhance the terms of the TRO are not properly before the Court and will not be considered.

4

upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.[2] This provision of the FAA represents "'a congressional declaration of a liberal federal policy favoring arbitration agreements.'" Davis v. S. Energy Homes, Inc., 305 F.3d 1268, 1273 (11th Cir. 2002) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). Federal policy, therefore, requires courts to "construe arbitration clauses generously, resolving all doubts in favor of arbitration[.]" Becker v. Davis, 491 F.3d 1292, 1305 (11th Cir. 2007). As such, "upon being satisfied that the issue involved . . . is referable to arbitration under such an agreement, [the Court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; Shearson/Am. Express, Inc. v. McMahon, 482 U.S. 222, 226 (1987) ("[A] court must stay its proceedings if it is satisfied that the issue before it is arbitrable . . . .") (emphasis added). Indeed, the Supreme Court has noted that "[t]he 'principal purpose' of the FAA is to 'ensure private arbitration agreements are enforced according to their terms.'" AT&T Mobility, LLC v. Concepcion, 563 U.S. 333, 334 (2011) (quoting Volt Information Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989)).

Here, the parties do not contest that they have agreed to submit the claims alleged in Morgan Stanley's Amended Complaint to arbitration before FINRA. Emergency Motion

---

[2] Subject to the specific exemptions in 9 U.S.C. § 1, which are not applicable here, the Supreme Court has unequivocally determined the FAA broadly applies to all contracts of employment "involving commerce." Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001).

at 2; Employment Agreement at 5; Response at 5-6.  Likewise, based on the Court's review of the parties' filings, including a copy of the Employment Agreement between Morgan Stanley and Abel, the Court is satisfied that the disputed issues involved in this case are referable to arbitration.  Employment Agreement at 5.  As such, and pursuant to 9 U.S.C. § 3, this Court is bound to stay the proceedings before it while the matter proceeds to arbitration before FINRA.

The Court next turns to Abel's contention that the Court should delay in entering a stay until after the preliminary injunction hearing scheduled for February 6, 2018, and should not extend the effect of the TRO.  In opposing any extension of the TRO, Abel notes that Morgan Stanley sought and obtained the TRO on the basis of the application of Florida law, but the parties' obligations under the Employment Agreement are actually governed by New York law.  Response at 4-5.  In doing so, he contends that the relief Morgan Stanley obtained in the TRO is broader than that which it could have obtained under New York law.  Id.  He does not, however, contend that applying New York law to the facts set forth in Morgan Stanley's Amended Complaint, and the TRO Motion with its supporting affidavits, would or should have resulted in a denial of the TRO Motion.[3]

In preparing for the upcoming preliminary injunction hearing, the Court has studied the applicable New York legal authority.  While there exist some distinctions between the laws of New York and Florida regarding the enforceability of employment restrictive

---

[3] The Court recognizes that in opposing the conversion of the TRO to a Preliminary Injunction, Abel challenges many of Morgan Stanley's factual assertions and argues that on this more complete record, applying New York law, a preliminary injunction is not warranted.  This, however, is different than asserting that the facts as set forth by Morgan Stanley would not have warranted the entry of a TRO under New York law.

covenants, the Court is not persuaded that those differences would have materially impacted the Court's resolution of the TRO Motion. In other words, it does not appear that application of New York law to Morgan Stanley's ex parte request for temporary injunctive relief would have resulted in a different conclusion. Notably, Abel also contends that staying this action and continuing the TRO for an additional period of time would be improper and result in a denial of due process. Response at 5, 6. However, he fails to explain why the FINRA arbitration in which he agreed to participate does not fully address any due process concerns.[4]

Rule 65(b)(2) of the Federal Rules of Civil Procedures (Rule(s)) governs the length of time a TRO may remain in effect. The Rule provides that the effect of a TRO is "not to exceed 14 days . . . unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record." Rule 65(b)(2); see also Bracciale, LLC v. Nat'l Sourcing, Inc., No. 8:17-cv-2040-T-27AEP, 2017 WL 3769284, *1 (M.D. Fla. Aug. 29, 2017); Trincorp, LLC v. Remotely Operated Auto Racers, No. 6:13-cv-389-Orl-31TBS, 2013 WL 868196, *1 (M.D. Fla. March 7, 2013); Central Alabama Fair Housing Ctr. v. Magee, No. 2:11cv982-MHT, 2011 WL 6090125, *1 (M.D. Ala. Dec. 7, 2011).

Here, the Court finds that Morgan Stanley has demonstrated good cause to warrant extending the TRO for an additional 14 days. Preliminarily the Court observes

---

[4] In his Response, Abel appears to criticize Morgan Stanley's request for a TRO in this forum only to be followed by a request for a stay to allow the parties to proceed with the expedited FINRA evidentiary hearing. But it appears that this course of action is specifically contemplated by the FINRA Rules which Morgan Stanley and Abel agreed would govern any dispute between them.

that because this action must be referred to arbitration before FINRA, it is FINRA, not the Court, that will resolve the rights and obligations of the parties. The FINRA hearing to finally adjudicate Morgan Stanley's claim must begin by February 8, 2018, just two days after this Court's scheduled preliminary injunction hearing. Under these circumstances, "it makes little sense" for the parties and the Court to expend substantial resources on the contested issue of preliminary injunctive relief when a full evidentiary hearing to resolve the parties' dispute fully must begin in a matter of days. See Suntrust Invest. Servs., Inc. v. Wachovia Sec. LLC, No, 8:08-cv-852-T-26TGW, 2008 WL 2074395, *1 (M.D. Fla. May 15, 2008). Indeed, even if the Court were to proceed with the preliminary injunction hearing as scheduled, given the complexity of the issues and the diametrically opposed positions of the parties, it is unlikely the Court would be able to enter a reasoned decision before the arbitration hearing, rendering the parties' participation in the preliminary injunction hearing futile. In addition, any decision made by the Court would be based on the limited record before the Court on a motion for preliminary injunction. In contrast, the FINRA hearing, scheduled just two days later, will allow the parties to litigate the dispute in a full evidentiary hearing, including the calling and cross examination of relevant witnesses. Finally, the Court notes that because the controversy between Morgan Stanley and Abel in this action may implicate policy determinations which are required to be resolved by FINRA, FINRA industry experts appear to be better suited to examine and resolve the issues than the judiciary. For all these reasons, the Court determines that staying the proceedings at this time, while preserving the status quo with the current TRO,

is justified. Accordingly, the Court determines that good cause exists to extend the TRO and stay the current proceedings pending arbitration before FINRA.

In consideration of the foregoing, it is **ORDERED**:

1. Plaintiff's Emergency Motion to Stay Proceedings Pending Arbitration and Extend Duration of Temporary Restraining Order (Doc. 14) is **GRANTED**.

2. The preliminary injunction hearing scheduled before this Court for Tuesday, February 6, 2018, is cancelled.

3. The Parties are ordered to proceed to an expedited arbitration hearing on the merits before a duly appointed panel of arbitrators, pursuant to Rule 13804(b) of the FINRA Code of Arbitration Procedure.

4. The Court's Temporary Restraining Order which was issued on January 23, 2018, and due to expire on February 6, 2018, is extended for fourteen days until 5 p.m., Tuesday, February 20, 2018.

5. Upon the scheduling of the date for the FINRA evidentiary arbitration hearing, Plaintiff shall immediately inform the Court of the date of said hearing.

6. Plaintiff shall provide the Court with a report on the status of the arbitration proceedings on Monday, February 12, 2018, another report again by noon on Friday, February 16, 2018, and additional reports every 30 days thereafter until the FINRA proceedings are complete.

7. The Clerk of the Court is directed to stay and administratively close the case.

**DONE AND ORDERED** at Jacksonville, Florida on February 5, 2018.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc26
Copies to:

Counsel of Record
Pro Se Parties

10